STAPLETON, Circuit Judge,
dissenting in part.
The court reads the policies in a way that make the extent of each syndicate’s liability depend on the insured’s loss experience before and after the period covered by its policy. Because I believe this clearly was not intended by the parties, I respectfully dissent.
I agree with the court that the syndicate of underwriters that issued each particular policy should be held liable for the harms that PECO suffered during the period that the policy was in effect. The court and I part company on our reading of the deductible clauses, however. I would hold that PECO’s recovery during each policy period should be offset by the full amount of the deductible stated in the policy to be applicable to losses during the policy period arising out of any one occurrence.
Under each policy, a certain amount — $20,-000 or $100,000 — must be deducted “from the amount of each loss or combination of losses arising out of any one occurrence.” (See, e.g., app. Ill at E-252.) Put another way, each policy requires that the amount recoverable for losses suffered during the policy year must be reduced by the total deductible for each “occurrence” which led to the losses. For me, these policy provisions preclude the *860 court’s conclusion that only one deductible is applicable to the losses incurred over the six-year period.
Suppose, for example, that PECO for some reason had decided to sue only the syndicate that had issued the policy covering PECO’s losses between November 1989 and October 1990. PECO suffered losses of $241,933 for that time period and the 1989-1990 syndicate accordingly would be liable to pay that amount minus the applicable deductible. To calculate the deductible, the court would be faced with the simple question: are the losses here due to one occurrence or are they due to more than one occurrence? As the court cogently explains, the covered losses in each policy period had one cause — -the trucking firm’s single scheme pursuant to which the drivers were instructed to continually syphon in the same manner — and accordingly are all due to one occurrence. In my view, the court in this hypothetical case would be required to deduct a single deductible of $100,000 from the total amount of PECO’s losses, producing a judgment of $141,933.
I would apply a similar analysis if PECO then decided to sue the syndicate that insured its losses for the 1985 to 1986 time period or any other year-long time period. In that second case, PECO would be entitled to recover the losses it suffered during the covered year-long time period, minus the applicable deductible. To calculate the deductible, the court again would have to decide that the losses for the particular year all had one cause and that there accordingly was only one occurrence. For the 1986 to 1987 period, for example, the court would subtract the $100,000 deductible from PECO’s losses of $371,287 to yield a judgment of $271,287.
This same analysis would govern how the court should calculate the amount of PECO’s recovery if it decided to sue each of the six syndicates in six separate cases. The only difference here is that rather than suing each syndicate separately, PECO decided to sue the syndicates together in one case. That all of the syndicates are together here as defendants should not change the above analysis, however, nor should it affect the amount of each syndicate’s liability. Thus, in my view, each syndicate’s liability should be reduced by the deductible applicable to that policy period.
Following the court’s approach, however, the syndicate sued in the first case would be entitled to a reduction of liability for only a certain fraction of the deductible bargained for and that fraction would depend on the total losses PECO suffered during periods both before and after the 1989-1990 policy period. This result would follow regardless of whether PECO decided to sue the other five syndicates in subsequent suits. The end effect of this is that the 1989-1990 syndicate’s liability would be increased to reflect harms PECO suffered during periods not covered by the policy period; that is, the syndicate’s liability would depend on losses PECO suffered during periods which the syndicate never agreed to insure.
This cannot be what the parties intended. In my view, each syndicate contracted for a deductible from covered losses which took place during the policy period, and each is entitled to one. Thus, I would instruct the district court to deduct the full amount of the deductible for each policy period.